```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY


                                  :
 RONALD J. FOUNTAIN,              :
                                  :
               Plaintiff,         :   Civil Action
                                  :   No. 10-5627 (JBS-KMW)
      v.                          :
                                  :
 UNITED STATES, et al.,           :   MEMORANDUM OPINION
                                  :
               Defendants.        :
                                  :
```

SIMANDLE, District Judge:

This matter is before the Court for preliminary screening of a Complaint filed by Ronald J. Fountain naming as defendants the United States and the United States Attorney. This Complaint was received by the Clerk of Court on October 29, 2010 and was assigned to the undersigned United States District Judge. The Plaintiff seeks leave to file this Complaint and to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and the Court conducts this preliminary review under the authority of 28 U.S.C. § 1915(e)(2).

First, the Court has reviewed Mr. Fountain's application to proceed without prepaying fees or costs. According to the information disclosed by Mr. Fountain, the Court finds that he is not able to afford the normal filing fee. The Court will grant his application and instruct the Clerk of Court to file his Complaint without prepayment of fees, in forma pauperis.

Turning to the merits of Mr. Fountain's civil complaint, the Court is empowered to dismiss a case at any time if the Court determines that the action is frivolous or malicious, or that it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Every civil complaint must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8(a), Fed. R. Civ. P., a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Furthermore, each averment of a pleading "shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  The pleadings of a pro se plaintiff shall be construed with liberality in determining whether the requirements of Rule 8(a) and 8(e)(1) have been met.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Although a complaint need not contain detailed allegations, the facts alleged in support of a claim must be sufficient to raise a right to relief above the speculative level and the rules require "more than labels and conclusions" because "courts are not bound to accept as true a legal conclusion

couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Thus, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief, such that "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).

In the present case, the document which Mr. Fountain entitles as a "Complaint" contains various phrases such as "federal question" and "Cause of Action 42 U.S.C. § 1983-85" and it contains a demand for 1.7 billion dollars. Beyond that, there is simply no way to read this seven-page document to determine any grounds for the relief that Mr. Phillips is seeking. The Complaint simply recites a collection of legal truisms about the Fourteenth Amendment and Section 1983 without containing a single fact of what any defendant did to Mr. Fountain that violated these legal precepts.

Attached to the Complaint are orders and opinions from several other courts including the District of Maryland in 2010 [Ronald Fountain v. United States, Civil No. RDB-10-1679] and the United States District Court for the Central District of

California [Ronald Fountain v. United States, Docket No. 92-28836 (1992) (denying application to proceed *in forma pauperis* as "patently frivolous")], and the United States Court of Appeals for the District of Columbia [Ronald J. Fountain v. United States, Appeal No. 85-5198 (affirming dismissal of complaint)]. Also attached to the present Complaint are seemingly random listings of other cases with docket numbers from 1987 through 1998 in courts in the District of Columbia, Pennsylvania, and perhaps California, together with a newspaper photograph of the Justice of the Supreme Court and various internet excerpts about the U.S. Constitution.

In short, the Complaint literally contains no allegation that some federal officer or employee violated Mr. Fountain's constitutional rights. The Complaint gives no clue about who did something, when it occurred, and what right was violated. Contrary to the requirements of Ashcroft v. Iqbad, 129 S. Ct. 1937, 1949 (2009), this Complaint fails to allege "sufficient factual matter" to show that the claim is facially plausible.

For all of these reasons, it is apparent that Mr. Fountain's Complaint fails to state a claim upon which relief can be granted. The Complaint shall be dismissed pursuant Section 1915(e)(2). If Mr. Fountain seeks leave to amend this Complaint to cure all of these major defects, he should file such a motion for leave to amend within thirty (30) days of today's date upon

4

this docket, and he must attach a copy of his proposed Amended Complaint.

The accompanying Order is entered.

**November 8, 2010**                           **s/ Jerome B. Simandle**
Dated                                     JEROME B. SIMANDLE
                                             U.S. District Judge